IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MORLEY D. COWAN

**Direct Appeal from the Criminal Court for Franklin County**
**No. 12090    J. Curtis Smith, Judge**

---

**No. M1999-1392-CCA-R3-CD  - Decided May 25, 2000**

---

Defendant, Morley D. Cowan, appeals the trial court's denial of his request for community corrections following his *nolo contendere* plea to aggravated sexual battery.  Finding that one convicted of aggravated sexual battery is statutorily ineligible for community corrections, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which WADE, P.J. and OGLE, J. joined.

Joseph E. Ford, Winchester, Tennessee, for the appellant, Morley D. Cowan.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Although charged with two counts of child rape, defendant entered a *nolo contendere* plea to one count of aggravated sexual battery.  Pursuant to the plea agreement, he received a sentence of eight years.  His request for community corrections was left to the determination of the trial court.  Although the trial court indicated the defendant would otherwise be an appropriate candidate for community corrections following nine months of confinement, it found that one convicted of aggravated sexual battery was not eligible for probation and, therefore, not eligible for community corrections.

There are two primary avenues of eligibility for community corrections.  Offenses not involving a crime against the person and non-violent crimes are eligible under the general criteria. *See* Tenn. Code Ann. § 40-36-106(a)(2), (3).  However, aggravated sexual battery is considered a violent offense to the person, thus ineligible for community corrections consideration under the

general criteria. *See* Tenn. Code Ann. § 40-36-102(12).

The other avenue for community corrections is the "special needs" provision. *See* Tenn. Code Ann. § 40-36-106(c). Those who do not meet the general criteria for eligibility may qualify based upon certain special needs. However, based upon the language of the statute, this court has long and consistently held that in order to qualify under the special needs provision, the defendant must be statutorily eligible for probation. *See* State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997), *perm. to app. denied* (Tenn. September 15, 1997); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989); State v. Jack Warren Emert, Jr., C.C.A. No. 03C01-9802-CC-00074, Blount County (Tenn. Crim. App. filed July 21, 1999, at Knoxville), *no perm. to app. filed*; State v. Andre L. Henderson, C.C.A. No. 01C01-9802-CC-00064, Williamson County (Tenn. Crim. App. filed April 8, 1999, at Nashville), *no perm. to app. filed*; State v. Carlos Dewayne Parker, C.C.A. No. 01C01-9712-CC-00574, Cheatham County (Tenn. Crim. App. filed December 21, 1998, at Nashville), *perm. to app. denied* (Tenn. June 21, 1999); State v. Rhonda Lorraine Hanke, C.C.A. No. 03C01-9707-CC-00254, Blount County (Tenn. Crim. App. filed August 20, 1998, at Knoxville), *perm to app. denied* (Tenn. March 15, 1999); State v. Rebecca Curevich, C.C.A. 01C01-9707-CR-00276, Davidson County (Tenn. Crim. App. filed July 20, 1998, at Nashville), *perm. to app. denied* (Tenn. February 1, 1999); State v. James Thomas Tanner III, C.C.A. No. 03C01-9703-CR-00101, Sullivan County (Tenn. Crim. App. filed June 30, 1998, at Knoxville), *perm to app. denied* (Tenn. February 1, 1999).

One convicted of aggravated sexual battery is not eligible for probation. *See* Tenn. Code Ann. § 40-35-303(a). Thus, under these holdings, defendant is not eligible for community corrections.

Defendant candidly recognizes the prior holdings of this court; contends they are incorrect; and asks us to overrule them. We respectfully decline.

The judgment of the trial court is affirmed.