IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE v. EDRIAN RICE

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-206      Donald H. Allen, Judge**

_____

**No. W2002-02677-CCA-R3-CD  - Filed September 18, 2003**

_____

The Defendant, Edrian Rice,[1] pled guilty to possession of cocaine with intent to sell, possession of marijuana with the intent to sell, the unlawful carrying of a weapon with the intent to go armed, possession of drug paraphernalia, and driving under the influence, first offense.  The trial court ordered the Defendant to serve an effective sentence of ten years in confinement as a Range I standard offender.  On appeal, the Defendant contends (1) his sentence is excessive; and (2) the trial court erred in denying alternative sentencing.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Edrian Rice.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; James G. Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's guilty pleas resulted from a single incident which occurred on November 11, 2001.  The trial court sentenced the Defendant to ten years for the cocaine conviction, two years for the marijuana conviction, thirty days for the weapons conviction, and eleven months and twenty-nine days for each of the convictions for possession of drug paraphernalia and DUI, to run concurrently for an effective sentence of ten years.  The trial court further denied alternative sentencing.

_____

[1]In some pleadings, the Defendant's name appears as "Edrain" Rice.

# I. WAIVER

The facts and circumstances of the offenses were important to the trial court's sentencing determinations; however, the transcript of the guilty plea proceeding is absent from the record. Since we deem the guilty plea proceeding essential to the determination of the issues presented, we must presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); see also State v. Coolidge, 915 S.W.2d 820, 826-27 (Tenn. Crim. App. 1995) (specifically stating that the absence of a portion of the record relating to sentencing requires the court to presume the sentence was correct). By failing to produce an adequate record, the Defendant has waived any claim that the conclusions of the trial court are incorrect. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

In the case at bar, the trial court specifically stated it was considering the evidence presented during the Defendant's guilty plea hearing in making its sentencing determinations. Therefore, the Defendant has clearly waived the issues he has raised on appeal. However, despite this waiver, the record before this court supports the sentences imposed by the trial court.

# II. STANDARD OF REVIEW

An appellate court's review of a challenged sentence is *de novo* on the record with a presumption the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments to this section of the statute indicate the Defendant bears the burden of establishing the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration and proper weight to the factors and principles relevant to sentencing, this court may not disturb the sentence. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

# III. LENGTH OF THE SENTENCES

The trial court applied two enhancement factors to all of the Defendant's sentences: enhancement factor (2), "[t]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range"; and enhancement factor (9), "[t]he defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community." See Tenn. Code Ann. § 40-35-114(2), (9) (Supp. 2002). The trial court also applied enhancement factor (10), "[t]he defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense," to the Defendant's sentences for the cocaine offense, the marijuana offense, the drug paraphernalia offense, and the DUI offense. See id. § 40-35-114(10) (Supp. 2002). Finally, the trial court applied mitigating factor (13), "[a]ny other factor consistent with the purposes of this chapter," based on the Defendant's stable employment history, his history of psychiatric and physical health problems, and his willingness to accept responsibility for his actions. See id. § 40-35-113(13) (1997).

The Defendant contends the trial court wrongfully applied enhancement factor (10), the possession of a firearm during the commission of the offense, because the record is devoid of evidence supporting this factor. See id. § 40-35-114(10) (Supp. 2002). The presentence report, which was admitted into evidence during the sentencing hearing, contained an official version of the facts taken from the affidavit of complaint by one of the arresting officers. According to the official version of the facts, the officers found a loaded .32 caliber Berretta handgun when the Defendant was arrested. Moreover, the Defendant pled guilty to the offense of the unlawful carrying of a weapon with the intent to go armed. This evidence is sufficient to support the trial court's application of enhancement factor (10) to all offenses except the weapons offense.

The Defendant also maintains the trial court failed to properly weigh the enhancing and mitigating factors. The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). A defendant's sentence "is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years." State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001) (quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)).

In imposing an effective ten-year sentence, the trial court stated it placed great weight on enhancement factor (2), previous history of criminal convictions, and enhancement factor (9), "previous history of unwillingness to comply with the conditions of a sentence involving release into the community." See Tenn. Code Ann. § 40-35-114(2), (9) (Supp. 2002). The presentence report reflects that the Defendant had nine prior misdemeanor convictions for various traffic offenses, reckless driving, and simple possession of marijuana. The trial court also noted that the Defendant had been placed on probation on several previous occasions and violated probation by committing new offenses. Based on these circumstances, we conclude the trial court did not abuse its discretion in placing great weight on enhancement factors (2) and (9) and in imposing an effective ten-year sentence.

## IV. ALTERNATIVE SENTENCING

The Defendant contends the trial court erred in failing to impose some form of alternative sentencing. We disagree.

### A. Standards

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for

the laws and morals of society, and has failed past efforts at rehabilitation. Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine a defendant's potential for rehabilitation or lack thereof when considering whether alternative sentencing is appropriate. Tenn. Code Ann. § 40-35-103(5).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

## B. Analysis

The Defendant pled guilty to possession of cocaine with the intent to sell or deliver, a Class B felony, and received an effective ten-year sentence. See Tenn. Code Ann. § 39-17-417(c)(1). Therefore, the Defendant is not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6).

The trial court properly found the Defendant had an extensive history of criminal conduct. Tenn. Code Ann. § 40-35-103(1)(A); State v. Davis Oliver Brown, No. 03C01-9608-CR-00313, 1997 Tenn. Crim. App. LEXIS 1274, at *7 (Tenn. Crim. App. Dec. 16, 1997) (noting misdemeanors may be considered under this factor), perm. to app. denied (Tenn. 1998). Furthermore, the trial court properly noted that the Defendant had violated his probation on several occasions; thus, measures less restrictive than confinement were unsuccessful in preventing further criminal conduct. Tenn. Code Ann. § 40-35-103(1)(C).

Regardless, we further conclude the Defendant is ineligible for both probation and community corrections. He is ineligible for probation because his ten-year sentence exceeds the eight-year cap. Tenn. Code Ann. § 40-35-303(a) (Supp. 2002). Further, he is generally ineligible for community corrections because the felony drug offenses involved "possession of a weapon," see Tenn. Code Ann. § 40-36-106(a)(4) (Supp. 2002), and he is also ineligible under the "special needs" provision of community corrections because of the length of his sentence, see Tenn. Code Ann. § 40-36-106(c); State v. Cowan, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000) (holding a defendant must

be statutorily eligible for probation in order to qualify under the "special needs" provision of community corrections).

Accordingly, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE