# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 9, 2003 Session

## STATE OF TENNESSEE v. RITA CATES

### Direct Appeal from the Circuit Court for Lauderdale County
### No. 7297    Joseph H. Walker, Judge

---

### No. W2003-00096-CCA-R3-CD - Filed October 2, 2003

---

The defendant pled guilty to attempted second degree murder, especially aggravated burglary, and reckless aggravated assault. Following a sentencing hearing, the trial court imposed an effective sentence of eight years and six months. In this appeal, the defendant argues her sentences are excessive because she should have received alternative sentencing. We affirm the judgments of the trial court, but, due to a clerical error, remand for entry of a corrected judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed; Remanded for Entry of Corrected Judgment

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee (at hearing); Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant District Public Defender (on appeal), for the appellant, Rita Cates.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 25, 2002, the defendant broke into the home of her ex-husband, Danny Cates, and waited for him to return home with his girlfriend, Donna Ferguson.[1] After they entered the house, the defendant emerged and pointed a gun at Ms. Ferguson. The defendant told Ms. Ferguson, "I'm going to kill you." As Ms. Ferguson tried to push the gun away from her chest, the defendant shot her. Danny Cates then wrestled the weapon from the defendant. When Mr. Cates attempted to telephone for emergency assistance, the defendant hung up the telephone. His second telephone

---

[1]The record reveals that Ms. Ferguson later married Mr. Cates. For the sake of clarity, we will refer to her as "Donna Ferguson," rather than "Donna Cates."

call was successful, and Ms. Ferguson survived. Immediately after the shooting, the defendant admitted to officers that she intended to kill Ms. Ferguson and then herself.

The defendant pled guilty to attempt to commit second degree murder for shooting Ms. Ferguson, especially aggravated burglary, and reckless aggravated assault on Mr. Cates. The parties agreed the defendant, a Range I standard offender, would be sentenced by the trial court and her sentences would be served concurrently. The trial court imposed sentences of eight years and six months for the attempted second degree murder and especially aggravated burglary convictions and the minimum two-year sentence for reckless aggravated assault. The defendant now appeals the sentences imposed by the trial court.

## PROOF AT SENTENCING

Ms. Ferguson testified at sentencing that although she did not need surgery, her bullet wound drained for approximately three months, and she endured severe swelling, discomfort, and dehydration as a result of her injuries. She stated she also suffered from post-traumatic stress since the shooting. Mr. Cates stated he and the defendant divorced for the second time in 2001. He said the defendant had previously attempted suicide.

The defendant testified she was remorseful for her actions. She admitted she committed the offenses because she wanted to kill Ms. Ferguson and then kill herself. She indicated her state of mind had improved since she began taking the "right medication" for depression and anxiety. She testified she had a prior conviction for assault stemming from an altercation with her sister.

Dr. Jack Morgan, a psychiatrist, testified he treated the defendant in November and December 2001. Dr. Morgan stated he diagnosed the defendant as having major recurrent depression. He said the defendant was very depressed and that she "expressed a sense of hopelessness and a feeling that her life really had no future." He further described her as being "in a very significant state of despair and . . . anguish." He said her depression "affected her perspective of her life and her future" and opined it resulted in a diminished capacity.

Dr. Morgan indicated the defendant had previously received in-patient psychiatric treatment. He stated he changed her medications, and that he did not see the defendant again between her last appointment on December 4, 2001, and the date of the offenses. He indicated the defendant's condition had improved in the months that followed the offenses. He opined the defendant was not dangerous and said she expressed remorse for shooting Ms. Ferguson.

A number of witnesses, including the defendant's pastor, friends, and church members, testified to her involvement in church activities and the vast improvement they had seen in the defendant's emotional state since the offenses.

## TRIAL COURT'S FINDINGS

At the conclusion of the sentencing hearing, the trial court applied enhancement factor (2), the defendant has a previous history of criminal convictions or criminal behavior in addition to those

necessary to establish the appropriate range. *See* Tenn. Code Ann. § 40-35-114(2) (Supp. 2002). The trial court also viewed the defendant's depression, her lack of a significant criminal record, her remorse, her participation in church, her prior positive social history, and her emotional "support group" as mitigating factors. *See id.* § 40-35-113(8), (13) (1997).

In weighing these factors, the trial court announced the applicable enhancement and mitigating factors were "close to being equal." However, due to the defendant's prior assault conviction, it found a sentence of eight years and six months, which was six months above the minimum sentence, was proper for the Class B felony convictions, attempted second degree murder and especially aggravated burglary. It imposed the minimum sentence of two years for the reckless aggravated assault conviction, a Class D felony. Pursuant to the plea agreement, the sentences ran concurrently. Because of the length of the defendant's sentences, she was ineligible for alternative sentencing.

## I. SENTENCING

An appellate court's review of a challenged sentence is *de novo* on the record with a presumption the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments to this section of the statute indicate the defendant bears the burden of establishing the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration and proper weight to the factors and principles relevant to sentencing, this court may not disturb the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The defendant maintains the effective sentence of eight years and six months is excessive because it deprived her of alternative sentencing. She concedes that since her sentence was greater than eight years, she was ineligible for probation. *See* Tenn. Code Ann. § 40-35-303(a) (Supp. 2002). Further, because she was convicted of a violent offense, she was not generally eligible for community corrections. *See id.* § 40-36-106(a)(1)(C). Her only hope of serving her sentence on community corrections was through the "special needs" provision, which allows an otherwise ineligible felony offender to be placed on community corrections if he or she has a treatable chronic mental health problem and his or her needs could be best met in the community. *Id.* § 40-36-106(c). To qualify for "special needs" consideration, however, the defendant must also be statutorily eligible for probation. State v. Cowan, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000). Therefore, she was ineligible for either probation or community corrections due to the length of her sentence.

The defendant does not contend the trial court improperly applied enhancement factor (2), and the prior assault conviction supports its application. Moreover, based on our review of the record, we conclude the trial court could also have applied enhancement factor (10), the defendant possessed or employed a firearm during the commission of the offense, to the sentences for attempted second degree murder and especially aggravated burglary. *See* Tenn. Code Ann. § 40-35-114(10) (Supp. 2002). The possession of a firearm is not an essential element of either offense. *See* State v. Baxter, 938 S.W.2d 697, 705 (Tenn. Crim. App. 1996) (second degree murder).

The gist of the defendant's argument is that the trial court erred in weighing the applicable enhancement and mitigating factors. The weight to be given each factor is left to the discretion of

the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record.  State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); *see* Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.  We conclude the trial court did not abuse its discretion in weighing the applicable factors when it imposed an effective sentence of eight years and six months.

## II.  CLERICAL ERROR IN JUDGMENT

The defendant's judgment of conviction for reckless aggravated assault reflects "reckless aggravated assault with injury."  According to the indictment, the defendant was charged with reckless aggravated assault on Mr. Cates by displaying a deadly weapon.  *See* Tenn. Code Ann. § 39-13-102(a)(2)(B).  We, therefore, remand this matter to the trial court for entry of an amended judgment of conviction for reckless aggravated assault by display of a deadly weapon.

## CONCLUSION

We hold the trial court did not err in imposing an effective sentence of eight years and six months.  We affirm the judgments of the trial court, but remand for correction of a clerical error in the judgment of conviction for reckless aggravated assault.

_____

JOE G. RILEY, JUDGE