IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2004

## STATE OF TENNESSEE v. LATWAN R. COLEMAN

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 2003-A-280, 2003-A-265     Cheryl Blackburn, Judge**

_____

**No. M2003-03055-CCA-R3-CD - Filed March 8, 2005**

Defendant, Latwan R. Coleman, pled guilty to possession of over 0.5 grams of cocaine with intent to sell, a Class B felony, in case number 2003-A-265, and to sale of less than 0.5 grams of cocaine, a Class C felony, in case number 2003-A-280. The plea agreement contained a recommended sentence of nine years for the Class B felony conviction and a sentence of three years for the Class C felony conviction. Defendant's request for community corrections was left for the trial court to determine. Following a sentencing hearing, the trial court denied Defendant's request for a community corrections sentence, and ordered Defendant to serve the recommended sentences in confinement. The trial court ordered the sentences to be served concurrently for an effective sentence of nine years. On appeal, Defendant argues that the trial court erred in denying his request that he be sentenced to community corrections rather than incarceration. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Mike J. Urquhart, Nashville, Tennessee, for the appellant, Latwan R. Coleman.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

At the sentencing hearing, Defendant's mother, Brenda Scranton, testified that Defendant had experienced behavioral problems from an early age and had a learning disability. Ms. Scranton said that Defendant's prior unsuccessful attempts at probation and community corrections were caused by his refusal to acknowledge that he had any mental or drug related problems and his failure to seek help for his drug addiction. Ms. Scranton believed, however, that Defendant was ready to accept help with his problems and could successfully participate in a community corrections program if the

terms of his release included a mental health treatment plan.

Defendant acknowledged that he had been on probation three times prior to the current offenses and that he had failed to comply with his probationary terms each time, primarily because he "caught a new charge." Defendant also attributed his violation of his prior community corrections sentence to his unwillingness to participate in the program. Defendant said, however, that his drug use was the cause of his criminal behavior, and he was willing to accept help for his addiction. Defendant admitted that he had only been to one AA meeting during the fifteen months he was incarcerated on the current offenses. Defendant said that he generally missed the meetings because he was asleep. Defendant also said that he attempted to attend classes to obtain his G.E.D. while he was incarcerated, but was transferred to a new facility before he could start the program. Defendant admitted that his probation sentence for one of the misdemeanor assault convictions required him to attend anger management classes, but that he never attended any of the classes.

According to the pre-sentencing report, Defendant has accumulated approximately twenty-four convictions over a nine-year period including three misdemeanor assault convictions, one felony weapons conviction, one misdemeanor weapons conviction, three convictions of the sale of cocaine over 0.5 grams, three simple possession convictions involving cocaine and marijuana, and various other misdemeanor convictions. The report indicates that Defendant was placed on probation at least three times and community corrections once, but continued to commit criminal offenses while serving his alternative sentences.

When a defendant challenges the length or the manner of service of his or her sentence, this Court must conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). This presumption, however, is contingent upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the record fails to show such consideration, the review of the sentence is purely *de novo*. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determinations the trial court must consider: (1) the evidence presented at the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct; (5) any appropriate enhancement and mitigating factors; (6) the defendant's potential or lack of potential for rehabilitation or treatment; and (7) any statements made by Defendant in his own behalf. Tenn. Code Ann. §§ 40-35-103 and -210; *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). The defendant bears the burden of showing that his sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Defendant was convicted of one Class C felony and one Class B felony. Although a defendant is normally entitled to a presumption of being a favorable candidate for alternative

sentencing options if convicted of a Class C felony, this presumption does not exist for Defendant because he was also convicted of a Class B felony. *See* Tenn. Code Ann. § 40-35-102(6). Because Defendant was convicted of a drug-related, non-violent felony offense, however, he is eligible for, but not automatically entitled to, a community corrections sentence. *Id.* § 40-36-106(a); *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The purpose of the Community Corrections Act of 1985 is to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103.

Defendant is not eligible to be placed on community correction under the "special needs" provision of Tennessee Code Annotated section 40-36-106(c). Before being placed in community corrections under this provision, an offender must first be eligible for regular probation. *State v. Cowan*, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000) (citations omitted)*; State v. Kendrick*, 10 S.W.3d 650, 655 (Tenn. Crim. App. 1999) Because Defendant's nine-year sentence for his Class B felony conviction renders him ineligible for probation, he does not qualify for community corrections consideration under the special needs provision. Tenn. Code Ann. § 40-35-303(a).

Thus, Defendant must meet the following minimum eligibility criteria. The following offenders are eligible for community corrections:

(A) Persons who, without this option, would be incarcerated in a correctional institution;
(B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
(C) Persons who are convicted of nonviolent felony offenses;
(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
(F) Persons who do not demonstrate a pattern of committing violent offenses.

Tenn. Code Ann. §§ 40-36-106(a)(1)(A)-(E).

The Community Corrections Act does not provide that all offenders who meet these requirements are entitled to such relief. *State v. Grandberry*, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Instead, the eligibility criteria is interpreted as a minimum standard to guide the court's determination of eligibility under the Act.

The trial court initially expressed concern that Defendant's prior misdemeanor assault convictions coupled with his weapons convictions evidenced a pattern of behavior indicating violence that would render him ineligible for participation in community corrections. *See* Tenn. Code Ann. § 40-36-106(a)(1)(E). Nonetheless, the trial court based its denial of Defendant's request for community corrections on his extensive criminal history, his previously unsuccessful completion of

the terms of sentences involving probation and community corrections, and his failure to acknowledge and accept responsibility for his drug addiction.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant with a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. *Id*. § 40-35-103(1); *see also Ashby*, 823 S.W.2d at 169. Additionally, a trial court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5). A trial court is in the best position to determine a defendant's amenability to community corrections because of its ability to observe the defendant's demeanor and characteristics first hand. *State v. Grigsby*, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997).

Defendant has not met his burden of establishing his entitlement to a community corrections sentence. Defendant has a long history of criminal conduct rendering confinement necessary to protect society from additional criminal behavior by Defendant. Furthermore, measures less restrictive than confinement, including probation and community corrections, have been repeatedly and unsuccessfully applied to Defendant.

## CONCLUSION

Accordingly, we conclude that Defendant has failed to meet his burden of demonstrating that his sentence is improper. The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE