IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2005

## STATE OF TENNESSEE v. JASON D. NORRIS

**Appeal from the Criminal Court for Davidson County
No. 2004-A-721; 2004-A-722     Cheryl Blackburn, Judge**

**No. M2004-02813-CCA-R3-CD - Filed October 31, 2005**

The Appellant, Jason D. Norris, appeals the sentencing decision of the Davidson County Criminal Court.  Pursuant to a plea agreement, Norris pled guilty to five counts of aggravated robbery, stemming from two separate indictments, with the manner and service of the sentences to be determined by the trial court.  Following a sentencing hearing, Norris was sentenced to eight years for each conviction, with two of the sentences to be served consecutively, for an effective sentence of sixteen years.  On appeal, he argues that his sentences are excessive and that the trial court erred by ordering total confinement as opposed to sentences of community corrections. Additionally, Norris argues that the imposition of consecutive sentences violates *Blakely v. Washington*.  After review, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Glenn R. Funk, Nashville, Tennessee, for the Appellant, Jason D. Norris.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and David Vorhaus, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

In November and December of 2003, the Appellant committed a series of robberies in Davidson County, choosing business locations where only a single young female was present.  The Appellant entered each business wearing a long coat draped over his shoulders in order to conceal a rifle, which he later claimed was not loaded.  After each robbery, the Appellant fled in a silver

Chevrolet Monte Carlo. On December 9, 2003, a detective spotted a car matching the description of the vehicle used in the robberies. After stopping the vehicle, the detective observed, in plain view in the left rear floorboard, a rifle and a long black coat. An inventory of the vehicle revealed a large amount of cash as well as personal checks that had been taken during one of the robberies.

In January 2004, a Davidson County grand jury returned two indictments against the Appellant charging him with seven counts of aggravated robbery. In case number 2004-A-721, the Appellant was charged with two counts of aggravated robbery, and in case number 2004-A-722, he was charged with five counts of aggravated robbery. On September 16, 2004, pursuant to a plea agreement, the Appellant entered guilty pleas to count 2 in case number 2004-A-721 and to counts 1, 2, 4, and 5 in case number 2004-A-722. The remaining counts were to be dismissed. The length and manner of service of the sentences were to be determined by the trial court; however, the agreement provided the aggregate sentence would not exceed twenty years. Additionally, the Appellant waived his right to have a jury determine the application of enhancement factors.

On October 27, 2004, a sentencing hearing was held at which the Appellant, his wife, and his mother testified. Testimony established that the twenty-eight-year-old Appellant was diagnosed as manic depressive as a juvenile. It was also established that the Appellant had a horseback riding accident in 1997 which resulted in a fractured back. According to the Appellant, he became addicted to pain medication and committed the robberies only to obtain money for the purchase of illicit drugs after his insurance was cancelled. The Appellant's criminal history included a prior conviction for misdemeanor possession of marijuana when he was eighteen years old and a misdemeanor theft conviction.

After hearing the evidence presented, the trial court imposed the minimum sentence of eight years for each of the aggravated robberies. The court further ordered that the four convictions in case number 2004-A-722 be served concurrently, but consecutively to the eight-year sentence in case number 2004-A-721, for an effective sentence of sixteen years in the Department of Correction. Moreover, the court found that the Appellant was not eligible for placement in the community corrections program. The Appellant now appeals the sentencing decision.

**Analysis**

**I. Excessive Sentences**

On appeal, the Appellant argues that "[t]he court erred in imposing an excessive sentence." We find this argument misplaced. The Appellant's aggregate sixteen-year sentence did not exceed the "cap of 20 years" as provided in the plea agreement. The plea agreement procedures of Rule 11(e), Tennessee Rules of Criminal Procedure, do not contemplate that a defendant may bind the State to its agreement, while at the same time, permit the defendant to challenge, on appeal, an aspect of the sentence which was agreed upon. Accordingly, this issue is without merit.

## II. Denial of Community Corrections

The Appellant argues "that it was error for the court to deny him community corrections." He contends that the special needs provision of the community corrections statute warrants his placement in community corrections due to his diagnosis as a juvenile as manic depressive, as well as his current addiction to pain medication.

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103 (2003). A defendant is eligible for participation in a community corrections program if he satisfies the minimum eligibility criteria set out in Tennessee Code Annotated section 40-36-106(a)(1)(A)-(F) (2003). In this case, the Appellant was ineligible for placement in a community corrections program under subsection (a) because he was convicted of aggravated robbery, which is "a crime against the person" and which involved the use of a weapon. *Id*. at (a), (b), (c), and (d).

Nonetheless, an offender who does not meet the minimum criteria under section 40-36-106(a) and is considered unfit for probation due to substance abuse or mental problems may still be eligible for community corrections under Tennessee Code Annotated section 40-36-106(c). *State v. Grigsby*, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997). However, before a defendant may be sentenced pursuant to subsection (c), he or she must be found eligible for probation. *Id.*; *State v. Staten*, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).

Tennessee Code Annotated section 40-35-303(a) (2003) provides that a "defendant shall be eligible for probation . . . if the sentence actually imposed . . . is eight (8) years or less;[1] provided, that a defendant shall not be eligible for probation . . . if the defendant is convicted of a violation of . . . § 39-13-402 . . . ." Thus, in this case, because the Appellant was convicted of five counts of Tennessee Code Annotated section 39-13-402, aggravated robbery, he is statutorily precluded from eligibility for probation. As such, the Appellant was ineligible for community corrections under subsection (a) or (c). *See State v. Cowan*, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000).

## III. Consecutive Sentencing

Last, the Appellant challenges the trial court's imposition of consecutive sentences contending (a) consecutive sentences were not warranted; and (b) the imposition of consecutive sentences violates *Blakely v. Washington*. We find these arguments unfounded.

### A. Imposition of Consecutive Sentences

---

[1]We note that Tennessee Code Annotated section 40-35-303(a) was recently amended to permit eligibility for probation if the imposed sentence is ten years or less. *See* 2005 ALS 353.

The fact that the Appellant's total sentence structure exceeded eight years would not have made him ineligible for probation consideration, as it is the individual sentence which must be eight years or less, not the aggregate sentence. *See* Tenn. Code Ann. § 40-35-303, Sentencing Commission Comments.

First, with regard to his argument that consecutive sentences were not warranted, the Appellant fails to provide any specific argument or citation to any law for this proposition. Issues which are not supported by argument, citation to authorities, or appropriate references to the record may be treated as waived in this court. Tenn. R. Ct. Crim. App. 10(b). Nonetheless, we elect to review the Appellant's contention.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The presumption of correctness is afforded in this case..

The trial court found the Appellant to be a dangerous offender, concluding:

That he's a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. [Trial counsel] makes much of the fact that he says this was not a loaded weapon. But he has been convicted of aggravated robbery and that on multiple occasions he goes into a business with a stranger, points a rifle - - sometimes there's a person by themselves, sometimes there's not - - at least allegations in Sumner County is that he made somebody lay on the floor.[2] These are pretty egregious situations. I am going to find that he is a dangerous offender. The aggregate term reasonably relates to the severity of the offenses, and it's necessary to protect the public from further criminal conduct by the defendant. . . .

We agree with these findings, as they are supported by the record. The circumstances surrounding the commission of the offenses indicate that the Appellant had little regard for human life and had no hesitancy about committing a crime where the risk to human life was high. Additionally, the potential for violence involved in these offenses supports a finding that confinement is necessary to protect society from the Appellant's conduct and that consecutive sentencing reasonably relates to the severity of the offenses. The Appellant committed numerous crimes of robbery against unarmed young women in order to support his drug habit. The sentence is "no greater than that deserved for the offense committed." Accordingly, this issue is without merit.

---

[2]At the time of the sentencing hearing, the Appellant also had a pending charge for aggravated robbery in Sumner County.

**B.** *Blakely* **violation**

The Appellant argues that "none of the enhancement factors used by the trial court to find him a dangerous offender were found by a jury or admitted by the defendant," as required by *Blakely v. Washington*, 542 U. S. 296, 124 S. Ct. 2531 (2004). The Appellant's argument is rendered moot by our supreme court's decision in *State v. Gomez*, 163 S.W.3d 63 (Tenn. 2005). The court in *Gomez* held that *Blakely* had no application to Tennessee's 1989 Sentencing Reform Act, which governs the imposition of consecutive sentencing.

## CONCLUSION

Based upon the foregoing, the sentencing decision of the Davidson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE