IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

## STATE OF TENNESSEE v. COREY MONTEZ RICKMAN

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR366-2001     Jane W. Wheatcraft, Judge**

_____

**No. M2006-02166-CCA-R3-CD - Filed February 14, 2008**

_____

The defendant, Corey Montez Rickman, pled guilty in 2002 to four counts of aggravated robbery and received an effective sentence of thirty-two years, with three years to be served in the Sumner County Jail and twenty-nine years on community corrections. In 2006 he acknowledged violating the terms of his community corrections sentence after testing positive for cocaine, and the trial court ordered that the remainder of his sentence be served in the Department of Correction, which the defendant appealed. We conclude that the defendant's convictions for aggravated robbery disqualified him for community corrections and, accordingly, dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

William Bart Highers, Gallatin, Tennessee, for the appellant, Corey Montez Rickman.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and C. Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In July 2006 Joyce Turner, the defendant's community corrections case officer, filed with the Sumner County Criminal Court an affidavit alleging that the defendant had violated the conditions of his community corrections sentence by testing positive for cocaine on July 3, 2006, and not paying court costs as ordered.

At the revocation hearing, the defendant admitted that he had violated the terms of his community corrections sentence. The trial court then heard testimony relevant to sentencing, and Ms. Turner testified that the defendant reported to her regularly and was cooperative. When she informed him on July 3 that he had failed a drug test, he told her that he had not been using drugs and requested that she send the sample to a laboratory for further tests. Ms. Turner complied and the lab report indicated a positive reading for cocaine. She also testified that the defendant tested positive for cocaine in October 2005.

Linda Wiggins, the defendant's mother, testified that the defendant worked two jobs to support his children and that he had a drug problem and needed help. She denied knowing that her son used drugs while he was out of jail.

Keoshia Britton testified that she was the defendant's fiancee and pregnant with his child at the time of the hearing. She stated that the defendant was working two jobs to support her during her pregnancy and had changed significantly since committing the robberies. She expressed a belief that the defendant could overcome his drug addiction and that he was not a threat to anyone else.

The defendant acknowledged that he had violated the terms of his sentence because he was addicted to cocaine and lost control of himself. He expressed confidence that if he put as much effort into abandoning drugs as he did abandoning a violent lifestyle, he would be successful. He read a statement to the court acknowledging that he had made a mistake and asking for "another chance at life." As an alternative to incarceration, he asked the court to increase his sentence on each aggravated robbery count to the twelve-year maximum, while permitting him to remain on community corrections.

At the end of the hearing, the trial court concluded: "The Court has made its position clear. When someone has the history that [the defendant] has, the Court simply cannot take the risk of him out there using. The sentence will be imposed." The court then entered a written order revoking the defendant's community corrections sentence and ordering that he serve his sentence in confinement.

## ANALYSIS

The defendant argues that the trial court should have sent him to drug rehabilitation and ordered him incarcerated for less than the entire remaining period of twenty-nine years. As we understand, he contends that because the legislative intent of the Tennessee Community Corrections Act of 1985 is to "keep violent offenders in the prisons while allowing nonviolent offenders [to] continue to rehabilitate and ultimately become productive members of the community," we should reverse the judgment of the trial court. The State contests the defendant's self-characterization as a nonviolent offender, arguing that he is a violent offender who was not eligible for community corrections. The State also argues that the trial court's order of incarceration should be upheld because the defendant admitted to violating the terms of his community corrections sentence and the trial court did not abuse its discretion in revoking community corrections. Because we agree with the State's first argument, we dismiss the appeal without reaching its second argument.

The State is correct in arguing that the defendant is a violent felony offender who was ineligible for community corrections. He was indicted and convicted of aggravated robbery involving the use of a deadly weapon. See Tenn. Code Ann. § 39-13-402(a)(1) (2006). Persons convicted of felony offenses involving the use or possession of a weapon are generally ineligible for community corrections. Id. § 40-36-106(a)(1)(D) (2006). Felony offenders not otherwise eligible for community corrections and normally considered unfit for probation because of chronic drug or alcohol abuse may still receive community-based punishment if the trial court finds that their special needs are treatable and best served in the community. Id. § 40-36-106(c) (2006). However, to qualify under this "special needs" subsection, the defendant must be statutorily eligible for probation. State v. Cowan, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000). Defendants convicted of violating the statute regarding aggravated robbery, Tenn. Code Ann. § 39-13-402, are ineligible for probation. Tenn. Code Ann. § 40-35-303 (2006). Therefore, the defendant in the present appeal was ineligible for community corrections and, thus, cannot appeal his removal from the program. Accordingly, the appeal is dismissed.

## CONCLUSION

Based on the foregoing authorities and reasoning, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE

-3-