IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 30, 2008

## STATE OF TENNESSEE v. DENVER L. BROWN, III

**Appeal from the Criminal Court for Sullivan County**
**No. S53,182     Robert H. Montgomery, Jr., Judge**

**No. E2007-02786-CCA-R3-CD - Filed October 27, 2008**

The defendant, Denver L. Brown, III, was convicted in the Sullivan County Criminal Court on his guilty plea to aggravated robbery, a Class B felony. As part of the plea agreement, the defendant accepted a sentence of eight years with the understanding that the offense of which he was convicted was statutorily ineligible for probation, but he reserved the right to have the manner of service of the sentence determined by the trial court and sought community corrections. The trial court imposed incarceration. The defendant appeals, contending that the trial court erred in determining that he was statutorily ineligible for community corrections and that he should have received a community corrections sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the appellant, Denver L. Brown, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the state's recitation of facts at the plea acceptance hearing, the defendant's conviction relates to the following:

> The State's proof would be that this offense occurred on December the 27th of 2006 at around 9 p.m. . . . [when] the defendant entered into the King College Mart which is located on King College Road, Bristol, Tennessee, Sullivan County, with a shotgun and demanded money from the clerk, Lisa Mutter. After the clerk gave

the defendant the money from the register he exited the store and ran
to the rear.

The defendant sought to serve his eight-year sentence on community corrections under the "special needs" provision of Tennessee Code Annotated section 40-36-106(c) which allows a trial court to impose a community correction sentence for otherwise ineligible offenders "who would usually be considered unfit for probation due to histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution[.]" The defendant sought the benefit of this provision based upon his substance abuse problem. The trial court denied community corrections placement on the basis that the defendant was not entitled to community corrections as a matter of law. The court interpreted the relevant statutes to require that a defendant be eligible, albeit unsuited, for probation in order to be considered for community corrections placement under section 40-36-106(c). We must determine whether the trial court erred in this determination, and if so, whether the defendant should have been placed in community corrections.

Under the Tennessee Community Corrections Act, trial courts may sentence certain non-violent felony offenders to community based alternatives to incarceration. T.C.A. § 40-36-103(1). A defendant can be eligible for a community corrections sentence if the defendant meets the following criteria:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
> (B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . . ;
> (C) Persons who are convicted of nonviolent felony offenses;
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> (F) Persons who do not demonstrate a pattern of committing violent offenses[.]

T.C.A. § 40-36-106(a). Subsection -106(c) provides that defendants who are not eligible for a Community Corrections sentence under subsection (a) and "who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community" may be eligible for community corrections. This court has construed the words "who would be usually considered unfit for probation" to mean that a defendant must be otherwise eligible for probation under the sentencing act in order to be eligible for placement in the Community Corrections Program under subsection -106(c). State v. Staten, 787 S.W.2d 934, 936-37 (Tenn. Crim. App. 1989); see State v. Cowan, 40 S.W.3d 85, 86-97 (Tenn. Crim. App. 2000) (citing numerous unreported cases for this proposition).

As the trial court correctly determined, the defendant in the present case was not eligible for community corrections under subsection (a) because his conviction of aggravated robbery involved a violent felony offense, an offense against a person, and an offense involving the use of a weapon. See T.C.A. § 40-36-106(a)(1)(B), (C), (D). Further, the offense of aggravated robbery is not an offense for which a sentence of probation may be imposed. Id., § 40-35-303(a). Therefore, the trial court properly denied the defendant's request for community corrections because he was not eligible for this form of sentence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE