IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2006

## STATE OF TENNESSEE v. JACKIE GLENN ALLEN

**Appeal from the Circuit Court for Lincoln County**
**No. S0400169      Robert Crigler, Judge**

_____

**No. M2005-02808-CCA-R3-CD - Filed August 16, 2006**

_____

The Appellant, Jackie Glenn Allen, appeals the sentencing decision of the Lincoln County Circuit Court. Allen pled guilty to the crimes of rape and incest and was subsequently sentenced to concurrent sentences of ten years and six months for the rape and five years for the incest. After review of the record, we affirm the sentences as imposed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA McGEE OGLE, JJ., joined.

A. Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the Appellant, Jackie Glenn Allen.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; W. Michael McCown, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

The facts of the case, as recited at the guilty plea hearing, are as follows:

[O]n or about October 30, 2004, [the Appellant], who is the father of [J.A.],[1] . . . were at their residence here in Lincoln County, Tennessee when the father, [the Appellant], entered the bedroom.

_____

[1] It is the policy of this court to identify minor victims by their initials. *See State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

[J.A.], who is 15 years old, was on her bed and was preparing to go to sleep and was very sleepy. At some point while he was on the bed talking to her, he pulled her underwear to the side and had sexual intercourse with her against her will.

This was later reported to officers at the Lincoln County sheriff's department.

The officers did collect the panties that [J.A.] had on the night that this incident occurred.

A DNA test was conducted of the semen found on the panties. It was a positive match for the father, [the Appellant].

[The Appellant] also came to the sheriff's department and did confess to this crime. He is the biological father of [J.A.].

On November 16, 2004, a Lincoln County grand jury returned a two-count indictment against the Appellant charging him with rape and incest for the above actions. On June 7, 2005, the Appellant entered an "open" guilty plea to both charges. A sentencing hearing was conducted on August 2 and August 23, 2005, at which the Appellant, his grandmother, and his great-aunt testified. The Appellant's grandmother and great-aunt each testified regarding the Appellant's impoverished and abused childhood and that the Appellant is now extremely remorseful for his actions. Following the presentation of evidence, the trial court imposed concurrent sentences of ten years and six months for the rape conviction and five years for the incest conviction. The Appellant subsequently filed a notice of appeal challenging the sentences imposed.

**Analysis**

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168. The party challenging a sentence bears the burden of establishing that the sentence is erroneous. T.C.A.§ 40-35-401(d), Sentencing Commission Comments.

If our review reflects that the trial court, following the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and

principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, where the trial court fails to comply with the statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness.

Initially, we are constrained to note that the Appellant's sole issue, as raised on appeal, "Whether the sentence of the Trial Judge is proper," fails to present a cognizable issue for sentencing review.[2] The Appellant presents no argument for the misapplication of any enhancement factor, nor does he argue for the application of any mitigating factor. We are provided no clue as to why the sentence is improper other than that we should "conduct a review of the record and [ ] reduce [the Appellant's] sentence." Additionally, the Appellant's brief fails to comply with the briefing requirements of our rules of appellate procedure, thus, potentially waiving review of all sentencing issues. *See* Tenn. R. App. P. 27(a)(4),(7). Nonetheless, in order to avoid further delay and protracted litigation of this issue, we elect review of the Appellant's reference to reduction of his sentence, which we interpret as referring to an excessive sentence, and his passing reference to "prison overcrowding" and probation, which we interpret as referring to alternative sentencing.

## I. Excessive Sentences

The Appellant was convicted as a Range I, standard offender of rape, a Class B felony, which carries a sentencing range of eight to twelve years. *See* T.C.A. § 40-35-112(a)(2) (2003). He was also convicted of incest, a Class C felony, which carries a sentencing range of three to six years. *See Id.* at (a)(3). The presumptive sentence to be imposed by the trial court for a Class B or C felony is the minimum sentence within the applicable range unless there are enhancement or mitigating factors present. T.C.A. § 40-35-210(c). If the trial court finds enhancement factors but no mitigating factors, the court may set the sentence above the presumptive minimum sentence. *Id.* at (d). However, if both enhancement and mitigating factors are present, the court must start at the minimum sentence, enhance as appropriate for enhancement factors, and then reduce the sentence as appropriate for applicable mitigating factors. *Id.* at (e).

In setting the Appellant's sentences at ten years and six months for rape and five years for incest, the trial court applied four enhancement factors: (1) a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) that the victim was particularly vulnerable because of age; (3) that the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; and (4) that the defendant

---

[2]An appeal from a sentence may be based upon one or more of the following grounds: (1) The sentence was not imposed in accordance with this chapter; or (2) the enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103. T.C.A. § 40-35-401(b)(1),(2).

abused a position of public or private trust. *See* T.C.A. § 40-35-114(2), (5), (8), (16) (2003). Additionally, the court applied the "catch-all" mitigator based upon its finding that the Appellant was remorseful. *See* T.C.A. § 40-35-113(13) (2003).

Following *de novo* review, we find no error in the court's application of enhancement factor (2), a previous history of criminal convictions. The record establishes that the Appellant has one prior conviction for misdemeanor theft. The court, however, noted that the conviction occurred in 1990 and gave this factor little weight. Additionally, we do not find error in the court's application of factor (16), that the Appellant abused a position of public or private trust. Clearly, the court applied this factor based upon the existence of a father/daughter relationship between the Appellant and the victim. Testimony established that the relationship between the two was a close one, and this court has previously determined that the existence of such father/daughter relationship between a defendant and a victim justifies the application of this enhancement factor when the parent uses his position of parental authority to facilitate the commission of the crime. *State v. Hayes*, 899 S.W.2d 175, 187 (Tenn. Crim. App. 1995). Moreover, we find no error in the trial court's application of the "catch-all" mitigator based upon the Appellant's remorse, which is a proper basis for mitigation of a sentence. *State v. Leggs*, 955 S.W.2d 845, 850 (Tenn. Crim. App. 1997), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000). It is the trial court who hears the evidence first hand and is in the best position to determine the existence and proper weight to be given to such factors. *State v. Boggs*, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). Nothing in the record preponderates against the trial court's findings.

However, with regard to the application of enhancement factors (5) and (8), we find error. With regard to factor (5), that the victim was particularly vulnerable based upon her age, the State bears the burden of establishing that a victim is particularly vulnerable due to age or physical or mental disability. *State v. Walton*, 958 S.W.2d 724, 729 (Tenn. 1997). A victim's "age alone may have little or no bearing on size, strength or vitality. Thus, unless the State produces evidence of physical or mental limitations at the time of the offense, along with proof of the victim's age, it cannot be presumed that the victim was particularly vulnerable based solely on her age." *Poole*, 945 S.W.2d 93, 98 (Tenn. 1997); *see also State v. Hunter*, 926 S.W.2d 744, 749 (Tenn. Crim. App. 1995) (fourteen-year-old rape victim's age alone not sufficient to support application of enhancement factor (5)). The Tennessee Supreme Court has held that particular vulnerability arises only when the victim is "incapable of resisting, summoning help, or testifying against the perpetrator." *State v. Adams*, 864 S.W.2d 31, 35 (Tenn. 1993). Vulnerability is "a factual issue to be resolved by the trier of fact on a case by case basis." *Id*. The record reflects that, at the time of the offenses, the victim was two and one-half months short of her sixteenth birthday. However, no other evidence regarding any particular vulnerability was presented. The trial court, other than stating that this factor was applicable, made no further findings. Thus, it appears that the trial court applied this factor based solely on the victim's age. Without evidence of particular vulnerability in the record, we conclude that the trial court erred in applying enhancement factor (5).

Likewise, we find that the trial court's application of factor (8), that the offense was committed to gratify the defendant's desire for pleasure or excitement, was in error. Application of

this enhancement factor requires the State to prove objective evidence of the defendant's motivation to seek pleasure or excitement through sexual assault. *State v. Arnett*, 49 S.W.3d 250, 262 (Tenn. 2001). It has been determined that factor (8) may be applied where there is "evidence including, but not limited to, sexually explicit remarks and overt sexual displays made by the defendant, such as fondling or kissing a victim or otherwise behaving in a sexual manner, or remarks or behavior demonstrating the defendant's enjoyment of the sheer violence of the rape." *Id.* Thus, while this factor can apply in a sexual offense, it must be shown that the circumstances surrounding the offense go beyond that which one would normally associate with sexual acts. *State v. Kissinger*, 922 S.W.2d 482, 489 (Tenn. 1996). No such evidence was presented in this case. Accordingly, we cannot find that the record supports application of this factor.

Despite the trial court's improper application of enhancement factors (5) and (8) to the instant convictions, we conclude that the application of the remaining factors justifies the sentences as imposed, particularly in view of the greater weight applicable to enhancing factor (16). Accordingly, we find no error as to the length of the sentences imposed. This issue is without merit.

## II. Alternative Sentence

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

> (A) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*State v. Grigsby*, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); *State v. Millsaps*, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995). Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(6).

At this juncture, we would note that the trial court found the Appellant ineligible for an alternative sentence in view of the Appellant's conviction for rape, a designated violent offense under Tennessee Code Annotated section 40-35-501(i)(2) (2003), which requires services of one hundred percent, less any sentence credits earned, not to exceed fifteen percent. As such, the trial court concluded that because there is "no release eligibility for a person committing [a violent offense]" the Appellant was ineligible for probation or placement in a community corrections

-5-

program. This ruling is misplaced. A defendant's release eligibility date (RED) becomes operative only after the defendant is placed in confinement for service of the sentence. The issue of whether confinement is warranted is a separate question.

Because the Appellant was convicted of rape, a Class B felony, he is not presumed to be a favorable candidate for alternative sentencing. *See* T.C.A. § 40-35-102(6). Moreover, a defendant is eligible for probation only if the sentence received is ten years or less, subject to certain statutory exclusions not relevant here. T.C.A. § 40-35-303(a) (2003 & Supp. 2005).[3] Thus, based upon Tennessee Code Annotated section 40-35-303(a), the Appellant is statutorily ineligible for probation because his sentence is ten years and six months. Additionally, the Appellant is also ineligible for community corrections consideration because both of his convictions involved crimes against the person. *See* T.C.A. § 40-36-106(a)(1) (2003). Although the Appellant is ineligible for community corrections under section 106(a), due to the nature of his convictions, he potentially remains eligible for community corrections placement under the "special needs" provision of section 106(c). "However, based upon the language of the statute, this court has long and consistently held that in order to qualify under the special needs provision, the defendant must be statutorily eligible for probation." *State v. Cowan*, 40 S.W.3d 85 (Tenn. Crim. App. 2000) (citing *State v. Grisby*, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997), *perm. to app. denied* (Tenn. Sept. 15, 1997); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); *State v. Staten*, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989)).

In this regard, the record fails to establish the existence of any "special needs" which could best be addressed in the community, rather than in a correctional institution. Perhaps more importantly, however, the record establishes that the Appellant is not entitled to probation due to the fact that his sentence is in excess of ten years. Thus, we find no error in the trial court's denial of an alternative sentence.

## CONCLUSION

Based upon the foregoing, the Appellant's sentences for rape and incest are affirmed as imposed.

_____
DAVID G. HAYES, JUDGE

---

[3]We note that this section was amended effective June 7, 2005, the day of the Appellant's guilty plea hearing. Prior to that amendment, a defendant was eligible for probation if the sentence imposed was eight years or less. However, because the Appellant was sentenced after the amendment was effective, he was subject to the ten-year provision. *See* T.C.A. § 39-11-112 (2003).