# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 5, 2009

## STATE OF TENNESSEE v. VINCENT JOHNSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 07-08722     Chris Craft, Judge**

---

**No. W2008-02156-CCA-R9-CD  - Filed October 19, 2009**

---

The Shelby County Grand Jury indicted the defendant, Vincent Johnson, on charges of unlawful possession of more than seventy pounds of marijuana. The defendant and the District Attorney General entered into a plea agreement allowing the defendant to plead guilty to one count of the indictment for an eight-year sentence and petition the trial court for placement in a community corrections program. The trial court rejected the plea agreement and the defendant filed an application for an appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We have reviewed the record and conclude that the trial court erred in withholding its approval of the plea agreement based on the defendant's ineligibility for probation and consequent ineligibility for placement in a community corrections program. Therefore, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Criminal Court Reversed**

J.C. McLin, J., delivered the opinion of the court, in which Thomas T. Woodall and Camille R. McMullen, JJ., joined.

Blake D. Ballin, Memphis, Tennessee, for the appellant, Vincent Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris Scrugg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was indicted on two counts of violation of Tennessee Code Annotated section 39-17-417 for unlawful possession of more than seventy pounds of marijuana with the intent to sell and deliver. The defendant and the District Attorney entered into a plea agreement which allowed the defendant to plead guilty to one count of the indictment as charged and petition the trial court for a sentence of community corrections pursuant to Tennessee Code Annotated section 40-36-106(a). The trial court rejected the plea agreement and entered an order which stated in pertinent part the following:

The defendant does not fall within the "special needs" category of Tenn. Code Ann. § 40-36-106(c). This court finds that any sentence for that offense, Tenn. Code Ann. § 39-17-417(i)(13), would be ineligible for probation pursuant to Tenn. Code Ann. § 40-35-303(a), and for that reason the defendant would also be legally ineligible for Community Corrections. In *State v. Eddie Lamont Rankins*, M2007-01308-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 337, (Tenn. Crim. App., Nashville, April 17, 2008), a case involving a third conviction for possessing cocaine with intent to sell, that court held that

> as a recipient of a 17-year sentence, the defendant was ineligible for probation., see T.C.A. § 40-35-303(a) (2006), and as such, he was ineligible for community corrections placement, including a "special needs" community correction program. *State v. Cowan*, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000); *State v. Kendrick*, 10 S.W.3d 650, 655 (Tenn. Crim. App. 1999); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); *see* T.C.A. § 40-36-106(c) (2006).

For that reason, this court feels it must reject the terms of the plea pursuant to Tenn. R. Crim. P. 11(c)(5), holding that community corrections is not a legal option this court may consider. If it were an available option, this court would have no problem accepting the plea and resetting the case for the purpose of having a hearing to consider alternative sentencing.

We have granted the defendant's application for interlocutory appeal.

Analysis

The defendant's sole issue on appeal is whether the trial court erred in refusing to approve the plea agreement based on his ineligibility for probation. The defendant asserts that despite being ineligible for probation for a conviction under Tennessee Code Annotated section 39-17-417(i), he is still eligible for community corrections pursuant to section 40-36-106(a). The State agrees with the defendant's argument that the holding in *State v. Eddie Lamont Rankins* does not foreclose sentencing of the defendant to community corrections pursuant to Tennessee Code Annotated section 40-36-106(a). On appeal, we consider whether the defendant's ineligibility for probation forecloses his eligibility for community corrections under Tennessee Code Annotated section 40-36-106(a).

Tennessee Code Annotated section 40-36-106 provides, in pertinent part:

(a)(1) An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(F) Persons who do not demonstrate a pattern of committing violent offenses [.]

Tenn. Code Ann. § 40-36-106(a). Section (c) of this same statute, which is sometimes referred to as the "special needs" provision, states:

Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

Tenn. Code Ann. § 40-36-106(c). In other words, felons not otherwise eligible under the criteria of subsection (a) are eligible under subsection (c) of Tennessee Code Annotated section 40-36-106 if they are unfit for probation due to a history of chronic alcohol abuse, drug abuse, or mental health problems, but their special needs are better treatable in a community corrections program than in incarceration. However, before being placed in community corrections based upon Tennessee Code Annotated section 40-36-106(c), an offender must first be eligible for regular probation. *See, e.g., State v. Cowan*, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000); *State v. Kendrick*, 10 S.W.3d 650, 655 (Tenn. Crim. App. 1999); *State v. Boston,* 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); *State v. Staten,* 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989); *State v. George C. Peery, III*, No. E2008-00086-CCA-R3-CD, 2009 WL 537064, at *4 (Tenn. Crim. App., at Knoxville, Mar. 4, 2009); *State v. Jennifer Leslie Pendleton*, No. E2007-00578-CCA-R3-CD, 2008 WL 2805609 (Tenn. Crim. App., at Knoxville, July 22, 2008) (concluding that a defendant convicted of Tennessee Code Annotated section 39-17-417(i) was not eligible for probation and therefore could not be placed in community corrections under the "special needs" provision).

Another case explicitly addressing Tennessee Code Annotated section 40-36-106(c) is *State v. Eddie Lamont Rankins,* M2007-01308-CCA-R3-CD, 2008 WL 1756123, at *1 (Tenn. Ct. App., April 17, 2008). The trial court relied upon the language in *Eddie Lamont Rankins,* quoted *supra*, in rejecting the plea agreement in the instant case. An interpretation of the quoted language in *Eddie Lamont Rankins*, that any defendant statutorily ineligible for probation is also statutorily ineligible

for a community corrections sentence under Tennessee Code Annotated section 40-36-106(a), is directly contrary to well settled case law. Indeed, cases cited by this court in *Eddie Lamont Rankins*, address eligibility for community corrections placement under the "special needs" provisions of Tennessee Code Annotated section 40-36-106(c). *Id.* (citing *State v. Cowan*, 40 S.W.3d 85, 86 (Tenn. Crim. App. 2000) (concluding that "this court has long and consistently held that in order to qualify under the special needs provision, the defendant must be statutorily eligible for probation"); *State v. Kendrick*, 10 S.W.3d 650, 655 (Tenn. Crim. App. 1999) (concluding that to "be eligible for community corrections under Tenn. Code Ann. § 40-36-106(c), a defendant must first be eligible for probation"); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996) (concluding that "in order to be eligible for community corrections sentencing under subsection (c), the offender must be eligible for probation").

Tennessee courts that have explicitly addressed Tennessee Code Annotated section 40-36-106(a), have consistently held that eligibility for probation is not required for consideration of community corrections under section (a). In *State v. John W. Biaselli*, No. M2007-00129-CCA-R3-CD, 2008 WL 741481, at *5 (Tenn. Crim. App., at Nashville, Mar. 20, 2008), the defendant pled guilty to two counts of possessing a Schedule II controlled substance for resale, a Class B felony. A panel of this court concluded that because the defendant was convicted of a Class B felony, he should receive no presumption in favor of alternative sentencing. *Id.* This court further stated, "as he was sentenced to eleven years, he is not eligible for probation." *Id.* However, because the defendant was convicted of a drug-related, non-violent felony offense, he was eligible for, but not automatically entitled to, a community corrections sentence under Tennessee Code Annotated section 40-36-106(a). *Id* (citing *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1991)). Similarly, in *State v. Jermaine Rashad Carpenter*, No. E2006-00775-CCA-R3-CD, 2007 WL 596425 (Tenn. Crim. App., at Knoxville, Feb. 27, 2007), the court gleaned from the record that the defendant was placed on community corrections pursuant to Tennessee Code Annotated section 40-36-106(a) and concluded that although he was not eligible for probation due to a nine-year sentence, he was not disqualified from receiving a sentence of community corrections. *Id.*

Furthermore, Tennessee courts have distinguished between the minimum requirements for consideration for community corrections under Tennessee Code Annotated sections 40-36-106(a) and (c). *See, e.g., State v. Kenneth Javon Bills*, No. W2001-00396-CCA-R3-CD (Tenn. Crim. App., Jackson, May 10, 2002) (affirming a sentence of incarceration because as a violent offender, defendant was ineligible for community corrections sentence under section 40-36-106(a) and ineligible under "special needs" provision section because his sentence exceeded eight years); *State v. Lisa Diane Murphy,* No. 01C01-9708-CR-00355, 1998 WL 731583, at *3 (Tenn. Crim. App., Oct. 21, 1998) ("While subpart (a) does not require eligibility for probation, subpart (c) does."). As articulated by a panel of this court in *State v. Rhonda Lorraine Hanke*, No. 03C01-9707-CC-00254, 1998 WL 695452 (Tenn. Crim. App, at Knoxville, Aug. 20, 1998) *perm. app. denied* (Tenn. Mar. 8, 1999 and Mar. 15, 1999):

> The law in Tennessee, . . . provides that when alternative sentencing is considered, the sentencing court shall consider whether the defendant is eligible for Community Corrections pursuant to Code section 40-36-106(a). This consideration

shall take place regardless of the length of the defendant's sentence. If the defendant is ineligible for alternative sentencing under section 40-36-106(a) but has "special needs," she may be considered eligible for a Community Corrections sentence pursuant to section 40-36-106(c), provided the defendant is eligible for probation.

*Id.* at *3. Accordingly, we conclude that the trial court erred in withholding its approval of the plea agreement upon a finding that the defendant was ineligible for consideration of community corrections under Tennessee Code Annotated section 40-36-106(a) because he was ineligible for probation.

Conclusion

Based on the foregoing, the judgment of the trial court is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

_____
J.C. McLIN, JUDGE