IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2015 Session

**STATE OF TENNESSEE v. LARRY LENZ**

**Appeal from the Criminal Court for Shelby County**
**Nos. 13-03311; 13-05978      James C. Beasley, Jr., Judge**

_____

**No. W2014-01720-CCA-R3-CD  -  Filed June 24, 2015**

_____

Appellant, Larry Lenz, pleaded guilty to five counts of theft: two counts of theft of property valued at $10,000 or more but less than $60,000, Class C felonies; two counts of theft of property valued at $1,000 or more but less than $10,000, Class D felonies; and one count of theft of property valued at $500 or more but less than $1,000, a Class E felony.  He received the agreed-upon effective sentence of twelve years as a Range III, persistent offender, to be served at forty-five percent release eligibility.  The trial court denied appellant's request for alternative sentencing pursuant to the Community Corrections Act, and he appeals the denial.  Upon our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Stephen C. Bush, District Public Defender; and Barry W. Kuhn (on appeal) and Clifford Thomas Abeles, Jr., (at plea hearing), Assistant District Public Defenders, Memphis, Tennessee, for the appellant, Larry Lenz.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose Francisco Leon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts

A.  Guilty Plea Submission Hearing

At the guilty plea submission hearing, the State asserted that had the case proceeded to trial, the evidence would have established that between December 12, 2012, and January 29, 2013, appellant placed orders to five different businesses while claiming to be affiliated with reputable companies. Specifically, he placed eight orders and received goods from Diamond International valued at $25,254 while claiming to be a representative of two different companies, Superior Carriers and Apac Tennessee. Again claiming to represent Apac Tennessee, appellant placed an order and received property from Truck Pro valued at $11,770. He placed five different orders from MHC Kenworth and received property valued at $7,511. He ordered and received property from Tag Truck valued at $2,686. Appellant also placed an order from O'Reilly Auto Parts valued at $854, claiming to be a representative of Poly Packaging. When questioned by the investigator in this case, representatives from each company disavowed appellant's affiliation with their businesses.

Appellant entered guilty pleas to all five counts of the indictment and received the agreed-upon concurrent sentences of twelve years for the Class C and D felonies and six years for the Class E felony, to be served as a Range III, persistent offender at forty-five percent release eligibility. He also pleaded guilty to an unrelated one-count indictment for theft of property valued at $1,000 or more but less than $10,000, with all sentences to be served concurrently with each other. At the close of the plea submission hearing, appellant requested a hearing on the issue of alternative sentencing.

B. Sentencing Hearing

At the sentencing hearing, the trial court heard testimony from each of the companies that were victimized by appellant's crimes. The State also introduced appellant's pre-sentence report into evidence. Appellant requested that he be allowed to serve his sentence pursuant to the Community Corrections Act.

Appellant testified on his own behalf and stated that he became involved in the theft scheme because he became indebted to drug dealers. He admitted that he was a heroin addict. He claimed that the person to whom he owed money spearheaded the scheme and that he would pick up the orders and take the goods to "the dude." Appellant denied that he knew from the outset that the transactions were "bogus" but admitted that "it didn't take long to figure it out what was going on."

Appellant acknowledged his criminal history of more than twelve felony convictions and stated that he had been a drug addict for twenty to twenty-two years. He stated that he had never sought counseling for his addiction and that he "always thought [he] could do it on [his] own." Appellant said that during his brief periods of sobriety, he was a "productive citizen." He stated that while incarcerated, he had "done everything [he] could" to address his addiction. He completed Moral Recognition Therapy,

participated in a drug and alcohol class, and attended Narcotics Anonymous. Appellant testified that he wanted to attend the Memphis Union Mission, a residential treatment facility.

In denying a community corrections sentence, the trial court considered the presentence report, the length and complexity of appellant's criminal enterprise, and his criminal history. The court opined that appellant's record belied the expectation that he could be rehabilitated. While noting that appellant had completed some programs during his incarceration, the trial court stated that nothing indicated that he would abide by the conditions of alternative sentencing or follow the rules of society and recognized that appellant had previously been placed on community corrections. The trial court concluded:

> I cannot in good conscience consider placing [appellant] on Community Correction. He doesn't qualify for probation. But placing him on Community Correction because to me all of those factors factored in, would . . . send an absolutely horrible message to members in this community who choose to violate the law in this form or this fashion. And it's not a deterrent to them. It very much would depreciate this in the eyes of these businesses who were severely hampered by all of this and I just do not feel that under all the circumstances he's a proper candidate for me to consider for Community Correction.

Appellant now challenges the trial court's denial of his request for community corrections.

## II. Analysis

Because a sentence under the Community Corrections Act is an alternative sentence, we must first consider whether appellant is a suitable candidate for alternative sentencing. *State v. Grigsby*, 957 S.W.2d 541, 545 (Tenn. 1997); *see also State v. Johnny Arwood*, No. E2004-00319-CCA-R3-CD, 2004 WL 2826998, at *2 (Tenn. Crim. App. Dec. 9, 2004) (citing *State v. Taylor*, 744 S.W.2d 919, 920 (Tenn. Crim. App. 1987)) (stating that the Tennessee Criminal Sentencing Reform Act and the Community Corrections Act are in *pari materia*). We begin with the proposition that a defendant is eligible for probation if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a). Based on the length of appellant's sentence, he is ineligible for probation.

This court has held that ineligibility for probation does not foreclose a defendant's eligibility for a suspended sentence pursuant to the Community Corrections Act. *State v.*

*Johnson*, 342 S.W.3d 520, 524 (Tenn. Crim. App. 2009). Tennessee Code Annotated section 40-36-106(a) provides:

> (a)(1) An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under this chapter:
>
> (A) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (B) Persons who are convicted of property-related or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person . . . ;
>
> C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; and
>
> (F) Persons who do not demonstrate a pattern of committing violent offenses.

Thus, appellant meets the *minimum* requirements for sentencing pursuant to community corrections.

However, although a defendant meets the minimum eligibility requirements for community corrections, he is not automatically *entitled* to such relief. *Grigsby*, 957 S.W.2d at 546 (citing *State v. Grandberry*, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). After finding that a defendant is eligible for a community corrections sentence, the trial court must then apply the sentencing considerations set forth in the Tennessee Code Annotated and the general sentencing guidelines to determine whether the defendant is *entitled* to a sentence under the Community Corrections Act. *Id.* We review the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (extending *Bise* to "the questions related to probation or any other alternative sentence"). On appeal, we are guided by the following principles.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4).

A trial court should base its decision regarding any sentence involving confinement on the following considerations:

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. *Id*. § 40-35-103(5).

In this case, the trial court specifically noted appellant's lengthy criminal history as summarized in the presentence report, the complexity of the criminal enterprise in which appellant was involved, and appellant's poor potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(1), (5), -113, -114, -210(b). It also recognized that appellant had previously received the benefit of a community corrections sentence. *Id.* § 40-35-103(1)(C). The trial court concluded that a sentence of incarceration was necessary to avoid depreciating the seriousness of the offense and to provide a deterrent to others likely to commit similar offenses. *Id.* § 40-35-103(1)(B).

Based on our review of the record, and attributing the trial court's sentencing decision with a presumption of reasonableness, we conclude that the trial court did not abuse its discretion in denying appellant's request for community corrections. In addition to the foregoing, we further note that appellant's criminal history included not only

twelve felonies but also several misdemeanor convictions.    We find Tennessee Code Annotated section 40-35-102(6)(A) instructive on this issue:

> A defendant who . . . who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary; however, a defendant's prior convictions shall be considered evidence to the contrary and, therefore, a defendant who is being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision shall not be considered a favorable candidate for alternative sentencing.

Appellant fails to qualify as a favorable candidate for alternative sentencing for two reasons:  he was sentenced as a persistent offender, and he had twelve prior felony convictions.  Appellant is not entitled to relief.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and applicable legal authority, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE