IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 23, 2015 Session

STATE OF TENNESSEE v. ANTHONY TODD GHORMLEY

Appeal from the Criminal Court for Loudon County
No. 10654   Don R. Ash, Judge

_____

No. E2014-00736-CCA-R3-CD – Filed September 21, 2015

_____

The Defendant, Anthony Todd Ghormley, entered a nolo contendere plea to sexual battery by an authority figure and received an effective five-year sentence to be served on community corrections.  Approximately nine years after the judgment was filed, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence.  The trial court summarily dismissed the motion as moot on the basis the Defendant had already served his sentence. On appeal, the Defendant contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J. joined.  TIMOTHY L. EASTER, J., filed a concurring opinion.

Bryce W. McKenzie, Sevierville, Tennessee, for the appellant, Anthony Todd Ghormley.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Russell Johnson, District Attorney General; Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

        The Defendant was charged with rape and incest.  Pursuant to a plea agreement, he entered a nolo contendere plea in November 2004 to one count of sexual battery by an authority figure.  The plea agreement specified that the Defendant would receive credit for time served, that he must report for a presentence investigation and a psychosexual evaluation, that he must refrain from any contact with the victim, and that if he completed the previous conditions satisfactorily and had no new arrests, the State would recommend he be sentenced to community corrections.  The sentencing hearing occurred, and the

judgment was filed on October 7, 2005. The judgment provided that the Defendant would serve his sentence on community corrections effective October 7, 2005. A sentencing order reflects that the Defendant was to receive jail credit for thirty-six months of the five-year sentence. The Defendant was later convicted of other offenses, for which he is serving a 105-year sentence in the Department of Correction. *See State v. Anthony Todd Ghormley*, No. E2010-00634-CCA-R3-CD, 2012 WL 171940, at *1 (Tenn. Crim. App. Jan. 20, 2012).

Relevant to the present appeal, the Defendant contends that the trial court erred in dismissing as moot his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. He argues that the expiration of his sentence did not foreclose his opportunity to seek relief pursuant to Rule 36.1. He also argues that because he was statutorily ineligible to be sentenced to community corrections, he stated a colorable claim for Rule 36.1 relief and that the trial court erred in summarily dismissing his claim. The State contends that although the expiration of the Defendant's sentence did not foreclose his opportunity to challenge the sentence as illegal, he failed to state a colorable claim because his community corrections sentence was revoked and he was ordered to serve the remainder of the sentence in the Department of Correction.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id.* at 36.1(b).

As we have stated, the trial court summarily dismissed the motion as moot and did not consider whether the Defendant had otherwise stated a colorable claim. The question of whether a motion to correct an illegal sentence is moot after the sentence has expired is one which has divided this court. Some panels have concluded that a motion to correct an illegal sentence is moot after a sentence has expired. *See Philander Butler v. State*, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015); *State v. James D. Wooden*, No. E2014-01069-CCA-R3-CD, 2014 WL 7366984 (Tenn. Crim. App. Dec. 26, 2014), *perm. app. granted* (Tenn. May 15, 2015); *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011 (Tenn. Crim. App. Oct. 29, 2014), *perm. app. granted* (Tenn. May 15, 2015).

Other panels of this court, though, have concluded that a motion to correct an illegal sentence pursuant to Rule 36.1 is permitted after a sentence has expired. *See State v. Nickelle N. Jackson*, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074, at \*6 (Tenn. Crim. App. July 14, 2015) (concluding "the fact that the [d]efendant's sentences . . . may have expired does not preclude him from obtaining Rule 36.1 relief if he proves that his sentences were illegal"); *State v. Kevin M. Thompson a.k.a. Kevin M. Albert*, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at \*4 (Tenn. Crim. App. Apr. 1, 2015) ("Rule 36.1, by its explicit terms, states that a defendant may 'at any time' seek correction of an illegal sentence."); *State v. Sean Blake*, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at \*2 (Tenn. Crim. App. Jan. 8, 2015) (concluding that a defendant may seek correction of an illegal sentence pursuant to Rule 36.1 after the expiration of a sentence because the plain language of the rule permits correction at any time); *State v. Jerome Wall*, No. W2014-00782-CCA-R3-CO, 2014 WL 7332113 (Tenn. Crim. App. Dec. 23, 2014).

Still other panels have been unable to reach consensus. *See State v. Elashanti Dean*, No. E2014-01269-CCA-R3-CD, 2015 WL 5031775 (Tenn. Crim. App. Aug. 6, 2015) (majority concluding that the defendant's Rule 36.1 claim was moot because his sentence had expired; dissenting judge concluding that the issue could be raised at any time, including after the sentence had expired); *Marcus Deangleo Lee v. State*, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063 (Tenn. Crim. App. May 13, 2015) (author of the majority opinion concluding that Rule 36.1 affords relief at any time, including after the expiration of the sentence; dissenting judge concluding that Rule 36.1 relief is unavailable after the expiration of the sentence; third judge concurring in results only with the majority opinion), *perm. app. denied* (Tenn. Dec. 19, 2014); *State v. John Talley*, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257 (Tenn. Crim. App. Dec. 26, 2014) (majority concluding that the case must be remanded for determination of whether the defendant's sentences had expired, which would make his Rule 36.1 claim moot; judge concurring in results only concluding that an illegal sentence could be corrected at any time).

In his separate opinion in *John Talley,* Presiding Judge Woodall expressed his disagreement with the majority's statement that the motion was moot if the defendant had fully served his sentences. *John Talley*, 2014 WL 7366257, at \*4 (Woodall, P.J., concurring in results only). Presiding Judge Woodall noted that the plain language of Rule 36.1 provided that a defendant may seek to correct an illegal sentence at any time, which included before and after the expiration of a sentence. *Id.* He concluded that although "the consequences of the rule can ultimately and unfairly lead to trial courts . . . vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1." *Id.*

In interpreting the purpose of rules of procedure, our supreme court has applied the same framework used for statutory construction. *Lind v. Beaman Dodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011); *see Thomas v. Oldfield,* 279 S.W.3d 259, 261 (Tenn. 2009); *Lacy v. Cox,* 152 S.W.3d 480, 483 (Tenn. 2004). To that end,

> The search for a statute's purpose necessarily begins with the statute's words. *Waldschmidt v. Reassure Am. Life Ins. Co.*, [271 S.W.3d 173, 176 (Tenn. 2008)]. While the courts must, on occasion, resort to ascertaining a statute's meaning using the rules of statutory construction and "other external sources of the Legislature's purpose," *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 516 (Tenn. 2005); *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995), statutes whose terms are plain and unambiguous require no construction and should be enforced according to their plain terms. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008); *Wells v. Tenn. Bd. of Regents*, 231 S.W.3d 912, 916 (Tenn. 2007).

*Seiber v. Reeves Logging*, 284 S.W.3d 294, 301 (Tenn. 2009).

In the present case, we are compelled by the plain language of Rule 36.1 and by Presiding Judge Woodall's logic in *John Talley* to conclude that Rule 36.1 permits a defendant to seek the correction of an illegal sentence at any time, which includes after the expiration of a sentence. The rule provides a defendant the opportunity to withdraw a guilty plea when an illegal sentence was entered pursuant to a plea agreement and the illegality was a material component of the agreement. *See* Tenn. R. Crim. P. 36.1(c)(3); *see also Philander Butler*, 2015 WL 4240256, at *3. Until such time as Rule 36.1 is amended or our supreme court interprets the Rule differently, the plain language of the Rule forecloses a conclusion that a claim of an illegal sentence is moot because the sentence has expired.

We turn to the question of whether the Defendant stated a colorable claim under Rule 36.1. As we have stated, he contends that he received an illegal community corrections sentence for his sexual battery by an authority figure conviction. As a person convicted of a violent offense against the person, he was ineligible for community corrections placement pursuant to Tennessee Code Annotated section 40-36-106(a)(1)(B), (C) (Supp. 2001) (amended 2005). Persons ineligible for community corrections under Code section 40-36-106(a)(1) may nevertheless qualify for special needs community corrections placement if they qualify pursuant to section 40-36-106(c) due to a history of substance abuse or mental health problems that are treatable and best served in the community. In order to qualify for special needs placement, however, the

offender must be statutorily eligible for probation. *See, e.g.*, *State v. Johnson*, 342 S.W.3d 520, 523 (Tenn. Crim. App. 2009); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In his motion, the Defendant cites Code section 40-35-313(a)(1)(B)(i)(*c*) for the proposition that his conviction of sexual battery by an authority figure rendered him statutorily ineligible for probation. However, section 40-35-313 pertains to eligibility for judicial diversion, not probation generally, and is not applicable to the Defendant's case.[1]

We conclude that the Defendant was not statutorily disqualified from receiving a community corrections sentence by virtue of his sexual battery by an authority figure conviction. For this reason, we likewise conclude that he did not state a colorable claim for relief under Rule 36.1. Although we disagree with the trial court's determination that the issue raised in the motion is moot, we conclude that the court did not err in dismissing the motion without conducting a hearing, given the Defendant's failure to state a colorable claim for correction of an illegal sentence. *See* Tenn. R. Crim. P. 36.1(b).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

---

[1] As an aside, we note that although sexual battery by an authority figure is currently listed as a disqualifying conviction in section 40-35-313, it was not listed in the judicial diversion statute at the time of the Defendant's offense. *Compare* T.C.A. § 40-35-313(a)(1)(B)(i)(*c*), (ii)(*i*) (Supp. 2015) (current) *with* § 40-35-313(a)(1)(B)(i)(*b*), (ii)(*a*)-(*h*) (Supp. 2001) (amended 2002, 2003, 2004, 2006, 2007, 2011, 2012, 2014, 2015).